ALTENBERND, Judge,
specially concurring.
With some hesitation, I agree that the trial court was entitled to decide that the appellees, as former directors of a nonprofit corporation and as plaintiffs in the trial court, were “fairly and reasonably entitled to indemnification” for their expenses reasonably and necessarily related to this lawsuit “in view of all the relevant circumstances.” § 607.014(9)(c), Fla.Stat. (1987); see § 617.028, Fla.Stat. (1987). Because this indemnification is primarily a reimbursement for legal fees, I agree that the findings required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), must be satisfied in the trial court’s order.
I write separately to emphasize that the former directors are only entitled to indemnity for those fees that were reasonably and necessarily incurred to obtain access to the records of this nonprofit corporation. Given that no one disputes that the plaintiffs were members and had been directors of this nonprofit corporation, their right of access to corporate records and the conditions for that access would seem to be reasonably simple issues that could have been resolved in the circuit court in a short *5 amount of time. See §§ 617.041, 607.157, Fla.Stat. (1987).
I do not believe that the former directors are entitled to fees in a broader dispute which has never resulted in a lawsuit— much less a claim on which the plaintiffs have prevailed. Even though the broader dispute has involved discovery in this action, I can see little or no necessity to perform that discovery in the simple dispute over access to records. At least on initial examination, most of the $21,900 awarded in the judgment on appeal appears related to the other dispute. On remand, I hope that the trial court will be able to use the Rowe findings to separate the expenses incurred in the litigation for which the plaintiffs are entitled to indemnity from those arising out of the remaining dispute.